# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBERT BARRON and JOHN TURCO,  )
)
      Plaintiffs,  )  Case No. 2:15-cv-00242-APG-GWF
)
vs.  )  **ORDER**
)
THE BANK OF NEW YORK MELLON FKA,  )  **Defendants' Motion to Stay**
THE BANK OF NEW YORK AS TRUSTEE FOR  )  **Discovery (#17/19)**
CWALT, INC., ALTERNATIVE LOAN TRUST  )
2005-56, MORTGAGE PASS-THROUGH  )
CERTIFICATES, SERIES 2005-56, *et al.*,  )
)
      Defendant.  )

      This matter is before the Court on Defendants' Motion to Stay Discovery (#17/19), filed on March 6/9, 2015. Defendants seek an order staying discovery pending a decision on their Motion to Dismiss Plaintiffs' Complaint (#16/18), also filed on March 6/9, 2015. Plaintiffs filed a Response (#23) to Defendants' motion to dismiss on March 23, 2015. However, Plaintiffs have not filed a response to Defendants' motion to stay discovery pending a decision on the motion to dismiss.

      The law in the Ninth Circuit and in this district regarding motions to stay discovery pending the decision on a dispositive motion is set forth in *Trade Bay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600-03 (D.Nev. 2011). As stated therein, "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.,* 163 F.R.D. 598, 600–01 (C.D.Cal.1995) (stating that if the Federal Rules contemplated a motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation)." 278 F.R.D. at 600-01. Ordinarily, a motion to

dismiss based on failure to state a claim does not warrant a stay of discovery. *Twin City Fire Insurance v. Employers of Wausau,* 124 F.R.D. 652, 653 ( D.Nev. 1989; *Turner Broadcasting System, Inc. v. Tracinda Corp.,* 175 F.R.D. 554, 556 (D.Nev.1997).[1] *Tradebay* notes that federal district courts in the Northern and Eastern Districts of California have applied a two-part test when evaluating whether discovery should be stayed. *See, e.g., Mlejnecky v. Olympus Imaging America, Inc.,* 2011 WL 489743 at *6 (E.D.Cal. Feb. 7, 2011) (collecting cases). First, the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought. Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery. In applying this two-factor test, the court deciding the motion to stay must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. If the party moving to stay satisfies both prongs, a protective order may issue; otherwise, discovery should proceed. *Id.*

Noting that courts in other districts have applied different standards in evaluating the underlying motion to dismiss, the court in *Tradebay* followed the standard enunciated in *Twin City* and *Turner* that a stay of all discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. The court's preliminary peek at the merits of the underlying motion is not intended to prejudge its outcome. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Fed.R.Civ.Pro. 1 – "to secure the just, speedy, and inexpensive determination of every action and proceeding." The court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

This action arises out of a foreclosure proceeding on Plaintiffs' property after Plaintiffs defaulted in their payments on the promissory note secured by a deed of trust. Plaintiff Turco

---

[1] Discovery stays are commonly granted when the underlying motion raises issues of jurisdiction, venue or immunity. *Tradebay*, 278 F.R.D. at 601.

1  halted the foreclosure proceeding when he filed for bankruptcy and the trustee later rescinded the
2  Notice of Default, terminating the foreclosure.  Plaintiffs challenge the validity of an assignment of
3  the deed of trust which they allege clouded their title and impaired their ability to identify and
4  negotiate with the true and correct beneficiary of the deed of trust.  Plaintiffs alternatively allege
5  that if the assignment is found valid, then Defendants have committed securities fraud and tax
6  evasion, and Plaintiffs should receive substantial damages as a reward for alerting the government
7  to Defendants' conduct.  Defendants move to dismiss Plaintiffs' claim on several grounds,
8  including that Plaintiffs are judicially estopped from pursuing the claims in this action, as they
9  failed to list them in their bankruptcy schedules.  Defendants further allege that the claims asserted
10 by Plaintiffs lack merit.  Having conducted a preliminary review of the motion to dismiss, this
11 Court is convinced that Plaintiffs' first amended complaint will be dismissed either on grounds of
12 judicial estoppel or because Plaintiffs fail to state claims upon which relief can be granted.  Even
13 assuming that some claims survive the motion to dismiss, a stay of discovery is justified until it is
14 determined which claims survive, at which point discovery can be properly focused and directed at
15 those claims.  Accordingly,

16  **IT IS HEREBY ORDERED** that Defendants' Motion to Stay Discovery (#17/19) is
17 **granted**.  Discovery in this action is stayed pending a decision on Defendants' motion to dismiss.
18 If the motion to dismiss is denied, in whole or in part, the parties shall file a proposed discovery
19 plan and scheduling order within thirty (30) days after the decision on the motion to dismiss.
20  DATED this 16th day of April, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge