**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ROBERT BARRON and JOHN TURCO,<br><br>Plaintiffs,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR CWALT, INC., ALTERNATIVE LOAN TRUST 2005-56, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-56, et al.,<br><br>Defendants. | Case No. 2: 15-cv-00242-APG-GWF<br><br>**Order Granting Defendants' Motion to Dismiss**<br><br>(Dkt. #16) |

In 2005, pro se plaintiffs Robert Barron and John Turco obtained a million-dollar loan secured by property in Las Vegas.[1]  By early 2010, plaintiffs were in default on their loan. Plaintiffs each filed bankruptcy near the end of 2010.  During their bankruptcies, plaintiffs each disclosed their Las Vegas property as an asset.

Four years later, Plaintiffs filed this lawsuit.  Their complaint spans 83 pages and 330 paragraphs.  They assert 20 causes of action.  The thrust of their allegations appear to surround defendants' assignment of the deed of trust to plaintiffs' property.  Plaintiffs argue defendants must have improperly assigned the deed of trust because the recipient, the CWALT Inc. Alternative Loan Trust, filed a prospectus with the Securities and Exchange Commission that does not allow it to receive the deed of trust.  Plaintiffs deduce, therefore, that either (1) defendants violated various internal revenue code and securities laws by carrying out the assignment (which could result in plaintiffs receiving a bounty from the government), or (2) defendants' assignment is void (which has harmed plaintiffs because they may be subject to multiple enforcement actions).

---

[1] The following facts are taken from plaintiffs' complaint.  I presume these facts are true for purposes of ruling on defendants' motion to dismiss.

I dismiss plaintiffs' claims. Plaintiffs filed bankruptcy after the assignment in question—but they never reported any of these assignment-related claims during their bankruptcy.[2] This omission operates as a judicial admission that plaintiffs have no claims.

But even if their claims were not foreclosed by the bankruptcy, there are other defects in them. Plaintiffs do not have standing to challenge defendants' assignment and related documents; they also do not have standing to enforce the tax codes. Defendants' motion to dismiss is therefore granted.[3]

## I.   LEGAL STANDARD: MOTION TO DISMISS

A complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[4] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[5] "Factual allegations must be enough to rise above the speculative level."[6] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[7]

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. First, the court must accept as true all well-pleaded factual

---

[2] For purposes of this Order, I take judicial notice of publicly-filed documents related to the plaintiffs' property, their prior bankruptcy action, and defendants' security filings. Under Federal Rule of Evidence 201, I may take judicial notice of these "matters of public record." *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

[3] Notably, after the filing of defendants' original motion to dismiss, plaintiffs filed an amended complaint. (*See* Dkt. #31.) Plaintiffs argue defendants' motion is therefore moot. But plaintiffs did not materially change any allegations in their original complaint, they did not add any causes of action, and they did not allege any new facts that would affect any of defendants' arguments. Defendants have again moved to dismiss the amended complaint, incorporating all of the arguments defendants made in their original motion to dismiss. (*See* Dkt. #38.)

[4] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[6] *Twombly*, 550 U.S. at 555.

[7] *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

2

1 allegations in the complaint; however, legal conclusions are not entitled to the assumption of
2 truth.[8]  Mere recitals of the elements of a cause of action, supported only by conclusory
3 statements, do not suffice.[9]  Second, the court must consider whether the factual allegations in the
4 complaint allege a plausible claim for relief.[10]  A claim is facially plausible when the complaint
5 alleges facts that allow the court to draw a reasonable inference that the defendant is liable for
6 misconduct.[11]  Where the complaint does not permit the court to infer more than the mere
7 possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to
8 relief."[12]  When the claims in a complaint have not crossed the line from conceivable to plausible,
9 the complaint must be dismissed.[13]

10 A document filed pro se is "liberally construed."[14]  Nevertheless, pro se litigants must
11 follow the same rules of procedure that govern other litigants.[15]

12 **II.    DISCUSSION**

13 Plaintiffs' claims are barred by judicial estoppel.  But even if they were not, plaintiffs
14 have alleged insufficient facts to make any of their claims plausible.

15 **A. Whether plaintiffs' claims are barred by bankruptcy estoppel**

16 "Judicial estoppel is an equitable doctrine that precludes a party from gaining an
17 advantage by asserting one position, and then later seeking an advantage by taking a clearly
18 inconsistent position."[16]  Courts may also invoke judicial estoppel because of "'general

---

[8] *Id*. at 1950.

[9] *Id*. at 1949.

[10] *Id*. at 1950.

[11] *Id*. at 1949.

[12] *Id*. (internal quotation omitted).

[13] *Twombly*, 550 U.S. at 570.

[14] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[15] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

[16] *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)

consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'"[17]

Courts consider three factors when applying judicial estoppel:

1. whether a party's later position is "clearly inconsistent" with its earlier position;

2. whether the party has succeeded in persuading a court to accept that party's earlier position; and,

3. whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.[18]

Courts aggressively apply judicial estoppel to bankruptcy proceedings. Plaintiffs who previously filed for bankruptcy are generally "judicially estopped from asserting a cause of action not . . . mentioned in the debtor's schedules or disclosure statements."[19]

Plaintiffs' lawsuit is largely based on the Assignment and Notice of Default, documents that were publically filed in March 2010. Plaintiffs filed bankruptcy in September 2010 and March 2011; and although they listed in their petitions the property secured by the Deed of Trust, Plaintiffs did not disclose their causes of action relating to the property. Omitting a cause of action is tantamount to a representation that no such cause of action exists for purposes of judicial estoppel.[20] Plaintiffs' failure to disclose the existence of these claims satisfies each of the three judicial estoppel factors.

First, plaintiffs' representation to the bankruptcy court that they had no contingent or inchoate claims is inconsistent with their present contention that they do have these claims. Second, as in *Hamilton*, here "the bankruptcy court[s] relied on [Plaintiffs'] failure to include [their] claims . . . as assets when [the courts] discharged [their] debts."[21] "By discharging the debt

---

[17] *Id*. (internal citations omitted).

[18] *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).

[19] *Hamilton*, 270 F.3d at 783; *Hay v. First Interstate Bank of Kalispell, N.A.,* 978 F.2d 555, 557 (9th Cir. 1992).

[20] *See Aniban v. Indymack Bank, F.S.B.,* 2012 WL 292337, at *3 (D. Nev. Jan. 31, 2012).

[21] 270 F.3d at 784.

4

. . . [a] bankruptcy court adopt[s] plaintiffs' representation regarding the lack of litigation in the non-bankruptcy context."[22]  Finally, by representing to the bankruptcy court that they had no claims, and not attempting to profit from claims predating the bankruptcy, plaintiffs would derive an unfair benefit from proceeding on their property-related claims now.[23]

While plaintiffs mention in a single sentence that they were "unaware" of their claims at the time they filed their bankruptcy petition, the allegations in their complaint do not support their contention.  The assignment was filed as a public record months before plaintiffs' bankruptcy.  The prospectus that is allegedly in conflict with the assignment was in existence at least as early as 2005.  Perhaps plaintiffs had insufficient information to put them on notice of the alleged deficiencies in the assignment.  But there are no facts in the complaint indicating this is the case.

All of plaintiffs' claims, other than their thirteenth cause of action related to loan modification, are thus dismissed because of plaintiffs' failure to disclose those claims during their bankruptcy.

### B. Whether plaintiffs have alleged sufficient facts to establish standing and state their claims

Even if plaintiffs were not estopped by their bankruptcy omissions, there are other defects in each of their claims.

#### i. Claims 1 through 9 requesting declarations about the assignment and enforcement of the tax code

Plaintiffs have not alleged facts establishing standing to request declaratory relief.  To seek declaratory relief, a plaintiff must prove there is an actual, imminent controversy to settle.[24]  Plaintiffs mainly argue that they need declaratory judgments about the validity of the assignment because they face the potential for multiple enforcement actions if the assignment is invalid.  They argue that both defendants and other third parties may attempt to take action against plaintiffs' property.  But plaintiffs have not alleged any facts indicating either the defendants or a

---

[22] *Aniban*, 2012 WL 292337, at *3 (citing *Hamilton*, 270 F.3d at 784).

[23] *See Hamilton*, 270 F.3d at 784.

[24] *Swedlow, Inc. v. Rohm & Haas Co.,* 455 F.2d 884, 886 (9th Cir. 1972).

third party have taken or are likely to take any action against plaintiffs. Plaintiffs therefore do not have standing to bring claims related to the assignment.

Even if plaintiffs had standing to challenge the assignment, they have not alleged plausible claims related to the assignment. Plaintiffs' allegations of procedural defects, even if true, would only render the assignment voidable, not void.[25] Nothing in the complaint indicates that any party to the assignment ever voided it. Thus, even taking plaintiffs' allegations as true that there is some procedural defect in the assignment, absent specific allegations of a party voiding it plaintiffs have not a made plausible claim that the assignment is void.

Plaintiffs' requests for declarations related to defendants' alleged violation of various tax codes are also implausible. In the second through eighth causes of action, plaintiffs seek seven declarations that defendants violated various provisions of the Internal Revenue Code. But these provisions allow only the Secretary of the Treasury to bring enforcement actions.[26] Plaintiffs suggest that they may bring a qui tam action, but the False Claims Act which authorizes qui tam lawsuits expressly excludes actions to enforce the tax code.[27]

Finally, plaintiffs' requests for declarations related to defendants' alleged violation of securities law are defective. Plaintiffs do not identify which securities laws defendants allegedly violated. And there are no specific allegations in the complaint about how defendants violated any securities laws.

### ii. Claims 10 through 13 related to transfer of plaintiffs' loan

Plaintiffs' claims 10 through 13 allege that defendants improperly transferred plaintiffs' loan by a Pooling and Servicing Agreement ("PSA"). A plaintiff must be either a party or

---

[25] *Wood v. Germann*, 130 Nev. Adv. Op. 58, 331 P.3d 859, 861 (2014) (holding that an assignment made in violation of a pooling service agreement is voidable, not void).

[26] *Bashaw v. Bank of NY Mellon Corp.,* 2011 WL 2964202, at *2 (E.D. Cal. July 19, 2011).

[27] 31 U.S.C. § 3729(d).

6

beneficiary to a contract in order to bring a breach of contract action.[28] Plaintiffs have alleged no facts indicating they have standing to challenge the PSA. They are neither beneficiaries of nor parties to the PSA. Plaintiffs suggest they should otherwise be permitted to enforce the terms of the PSA, but the Nevada Supreme Court has already foreclosed this argument.[29]

### iii. *Claims 14 through 20 relating to various alleged statutory violations*

Plaintiffs fail to respond to defendants' arguments relating to dismissal of claims 14 through 19. Plaintiffs' failure to respond to these arguments for dismissal constitutes consent to dismissing these claims.[30] I am sensitive to the fact that plaintiffs are pro se, but given their voluminous filings and 20 causes of action asserted, I find that failure to address these claims warrants dismissal.

Finally, plaintiffs' complaint alleges no facts in support of the twentieth cause of action for defective foreclosure. Specifically, there are no allegations indicating that a foreclosure ever took place. Thus, a claim that the foreclosure is defective is not plausible.

All of plaintiffs' claims are therefore dismissed.

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Dkt. #16) is GRANTED.

---

[28] *GECCMC 2005-Cl Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank, Nat'l Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012); *WuMac, Inc. v. Eagle Canyon Leasing, Inc.,* 2013 WL 593396, at *3 (D. Nev. Feb. 14, 2013).

[29] *See Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (holding that borrower who was neither a party nor third party beneficiary had no standing to challenge the validity of mortgage assignment).

[30] *See* L.R. 7-2(d). This local rule requires parties to file points and authorities in support of their opposition, stating that a failure to do so constitutes "consent" to the motion being granted. Plaintiffs did provide some argumentation on their Truth in Lending Act claims—but they failed to address defendants' argument that the statute of limitations has passed on these claims.

IT IS FURTHER ORDERED that plaintiffs may filed an amended complaint within 14 days of entry of this order if they can properly alleged facts supporting such claims. If plaintiffs fail to file an amended complaint by that date, this case will be closed.

DATED this 13th day of May, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE