**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ROBERT BARRON and JOHN TURCO, <br><br>Plaintiffs, <br><br>v. <br><br>THE BANK OF NEW YORK MELLON, *et al.*, <br><br>Defendants. | Case No. 2:15-cv-00242-APG-GWF <br><br>**ORDER GRANTING MOTION TO DISMISS** <br><br>(Dkt. #45) |

I previously dismissed the plaintiffs' complaint because the plaintiffs filed bankruptcy but did not report any of the claims in this complaint during their bankruptcy proceedings. (Dkt. #39 at 2-5.) I also ruled that even if the plaintiffs were not judicially estopped by their failure to include these claims in their bankruptcies, the plaintiffs lacked standing to bring some of their claims and they failed to respond to the motion to dismiss with respect to other claims. (*Id.* at 5-7.) I granted the plaintiffs leave to amend. (*Id.* at 8.)

The plaintiffs filed an amended complaint that is nearly identical to the original complaint. (Dkt. #42.) The defendants move to dismiss on the same grounds as their prior motion, arguing that the amendments are superficial and do not cure the defects identified in my prior Order.

The plaintiffs respond that they amended the complaint to state they are now challenging the assignment of the deed of trust as being in conflict with the prospectus rather than with the pooling and servicing agreement. They also contend they did not know at the time of their bankruptcy proceedings that the assignment conflicted with the prospectus.[1]

For the reasons stated in my prior Order, the plaintiffs' claims are dismissed. The plaintiffs are judicially estopped from bringing these claims because they represented to the

---

[1] The plaintiffs also argue that judicial estoppel related to their bankruptcy proceedings should not apply because they did not "waive any right or claim to turn Defendants in to the IRS for tax evasion and the SEC for [Securities] Fraud . . . ." (Dkt. #46 at 5.) Nothing in my prior Order or this Order precludes the plaintiffs from reporting the defendants' alleged conduct to regulatory or law enforcement agencies.

bankruptcy court that they had no contingent or inchoate claims. (*See* Dkt. #39 at 4-5.)  Although they again claim they were unaware of these claims at the time of filing bankruptcy, "[t]he assignment was filed as a public record months before plaintiffs' bankruptcy.  The prospectus that is allegedly in conflict with the assignment was in existence at least as early as 2005.  Perhaps plaintiffs had insufficient information to put them on notice of the alleged deficiencies in the assignment.  But there are no facts in the complaint indicating this is the case." (*Id.* at 5.)

       The plaintiffs have not added any facts to the amended complaint to cure the identified deficiencies.  The plaintiffs also do not state such facts in their opposition or indicate when they learned of the alleged facts supporting their claims.  Additionally, most of the plaintiffs' claims suffer from the same standing problems I previously identified. (*Id.* at 5-7.)  The plaintiffs' reliance on a conflict with the prospectus, as opposed to the pooling and servicing agreement, does not change this result.  The plaintiffs do not allege that they relied on the prospectus, that they invested in the offering reflected by the prospectus, or that they were a party to, or third party beneficiary of, any agreement related to the prospectus.  Their allegations are no different than their initial complaint based on the pooling and servicing agreement to which they were not a party or intended third party beneficiary.  They therefore lack standing to assert these claims.  The plaintiffs also lack standing to enforce the internal revenue laws against the defendants. (*Id.* at 6.)  The plaintiffs allege in conclusory fashion that the assignment was "in direct conflict with the 'Note.'" (Dkt. #42 at 4.)  But they do not allege a factual basis for the alleged conflict or identify what the conflict is.

       The plaintiffs have had an opportunity to amend and failed to cure the defects identified.  Nevertheless, because the plaintiffs are pro se, I will grant them one final opportunity to amend if they can do so.

       IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(Dkt. #45) is GRANTED**.

       IT IS FURTHER ORDERED that the plaintiffs may file an amended complaint by April 11, 2016 if they can properly allege facts supporting their claims and if they can cure the

deficiencies identified in this Order and my prior Order.  If the plaintiffs fail to file an amended complaint by that date, this case will be closed.

DATED this 11th day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE