UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT BARRON AND JOHN TURCO,<br><br>    Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, *et al.*,<br><br>    Defendants. | Case No. 2:15-cv-00242-APG-GWF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 55) |

I have twice previously dismissed the plaintiffs' complaint because the plaintiffs filed bankruptcy but did not report any of the claims in this complaint during their bankruptcy proceedings. ECF No. 39 at 2–5; ECF No. 51 at 1.  I also ruled that even if the plaintiffs were not judicially estopped by their failure to include these claims in their bankruptcies, the plaintiffs lacked standing to bring some of their claims and they failed to respond to the motion to dismiss with respect to other claims. ECF No. 39 at 5–7; ECF No. 51 at 1.  I twice granted the plaintiffs leave to amend. ECF No. 39 at 8; ECF No. 51 at 2.  In the most recent dismissal, I wrote that despite the plaintiffs' failure to address the defects identified in the first dismissal, "because the plaintiffs are pro se, I will grant them one final opportunity to amend if they can do so." ECF No. 51 at 2.

The plaintiffs again filed an amended complaint that is nearly identical to the original complaint. ECF No. 52.  The defendants move to dismiss on the same grounds as their prior motions, arguing that the amendments are superficial and do not cure the defects identified in my prior Orders.

The plaintiffs repeat their contention that they did not know at the time of their bankruptcy proceedings that the assignment conflicted with the prospectus.  For the reasons I stated previously, this defense is insufficient to prevent application of judicial estoppel. *See* ECF No. 39 at 4-5.  The plaintiffs complain that "[i]t is overly broad and unduly burdensome for anyone to require persons looking for bankruptcy protection to list every known and unknown person and/or entity on the planet." ECF No. 57 at 3.  However, a title report on the plaintiffs' property would have shown the transaction in question.  As stated in my prior order, "[t]he assignment was filed as a public record months before plaintiffs' bankruptcy.  The prospectus that is allegedly in conflict with the assignment was in existence at least as early as 2005.  Perhaps plaintiffs had insufficient information to put them on notice of the alleged deficiencies in the assignment.  But there are no facts in the complaint indicating this is the case." ECF No. 39 at 5.  The plaintiffs have not added any facts to the third amended complaint to cure the identified deficiencies.  Even if I could consider facts in the plaintiffs' opposition, that opposition also does not state such facts.

Additionally, most of the plaintiffs' claims suffer from the same standing problems I previously identified. *Id.* at 5–7.  The plaintiffs cite to a California case which held a borrower had standing to challenge the validity of an assignment. ECF No. 57 at 3–4 (citing *Lundy v. Selene Fin., LP*, 2016 U.S. Dist. LEXIS 35547 (N.D. Cal. Mar. 17, 2016)).  *Lundy* arose under California law, however.  In Nevada, the law is the opposite, and as I explained previously, borrowers like the plaintiffs lack standing to challenge assignments. *See, e.g.*, *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) ("[T]he homeowner, who is neither a party to the PSA nor an intended third-party beneficiary, lacks standing to challenge the validity of the loan assignment.").  The plaintiffs also lack standing to enforce the internal revenue laws against the

defendants. ECF No. 39 at 6. The plaintiffs allege in conclusory fashion that the assignment was "in direct conflict with the 'Note.'" ECF No. 42 at 4. But they do not allege a factual basis for the alleged conflict or identify what the conflict is.

The plaintiffs have had two opportunities to amend and failed to meaningfully address the defects identified, let alone cure them. There is no basis to conclude they could do so if given another opportunity. I therefore grant the defendants' motion to dismiss, this time with prejudice.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 55) is GRANTED**. The plaintiffs' second amended complaint is dismissed with prejudice. The clerk of court shall enter judgment in favor of the defendants and against the plaintiffs.

DATED this 15th day of February, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE